**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MARCUS CRAWFORD,

        **Plaintiff,**

  **v.**

                                 **Civil Action 2:26-cv-268**
                                 **Judge Algenon L. Marbley**
                                 **Magistrate Judge Chelsey M. Vascura**

DUSTIN LOWERY, *et al.*,

        **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Marcus Crawford, sues several prison employees and the Ohio Department of Rehabilitation and Correction for excessive force in violation of his Eighth Amendment rights under 42 U.S.C. § 1983.  (1st Am. Compl., ECF No. 5.) On March 26, 2026, the undersigned issued a Report and Recommendation that recommended dismissal of Plaintiff's First Amended Complaint (ECF No. 9) on statute-of-limitations grounds. On May 18, 2026, Plaintiff filed a Second Amended Complaint with leave of Court. (ECF No. 19.) Because the Second Amended Complaint supersedes and replaces Plaintiff's First Amended Complaint, the portion of the March 26, 2026 Order and Report and Recommendation (ECF No. 9) that recommended dismissal of Plaintiff's First Amended Complaint is **VACATED**.

This matter is now before the Court for the initial screen of Plaintiff's Second Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to

recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Second Amended Complaint for failure to state a claim on which relief may be granted.

## I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

* * *

(B) the action or appeal—

(i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612,

3

614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff alleges that on May 18, 2023, several corrections officers unnecessarily sprayed Plaintiff with O.C. spray and allowed another inmate to attack Plaintiff. (2d Am. Compl., ECF No. 19.)

Plaintiff's claims are time-barred.  "In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'"  *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)).  Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims.  *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action."  *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

Plaintiff filed the instant action on November 18, 2025. (ECF No. 1.)  Thus, claims accruing prior to November 18, 2023, would generally be untimely.  Because the only incidents Plaintiff complains of occurred prior to November 18, 2023, his claims must be dismissed as time barred by the applicable two-year statute of limitations pursuant to § 1915(e)(2).

## III.    DISPOSITION

The portion of the March 26, 2026 Order and Report and Recommendation (ECF No. 9) that recommended dismissal of Plaintiff's First Amended Complaint is **VACATED**. For clarity,

4

the portion of that Order and Report and Recommendation that granted Plaintiff leave to proceed *in forma pauperis* remains in effect.

For the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Second Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim on which relief may be granted. As a result, it is further **RECOMMENDED** that Plaintiff's Motion to Convey (ECF No. 6), Motion to Change Venue (ECF No. 7), Motion to File Ethics Policy (ECF No. 8), and Motion to File Personal Property Policy (ECF No. 10) be **DENIED AS MOOT**.

<u>**PROCEDURE ON OBJECTIONS**</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

5

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE