**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**MARCUS CRAWFORD,**

      **Plaintiff,**

    **v.**
                                     **Civil Action 2:26-cv-268**
                                       **Judge Algenon L. Marbley**
                                     **Magistrate Judge Chelsey M. Vascura**

**DUSTIN LOWERY,** *et al.*,

      **Defendants.**


**ORDER**

This matter is before the Court on Plaintiff's Motion to Removal [*sic*] Magistrate Judge Chelsey M. Vascura (ECF No. 26). Therein, Plaintiff requests a new magistrate judge so that his pending motions can be "rul[ed] on with fairness" and with "no discrimination." (*Id.*) The undersigned construes Plaintiff's filing as a motion for the undersigned to recuse herself.

A district judge or magistrate "shall" disqualify himself or herself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id.* A judge's opinions are grounds for recusal only where they "derive[ ] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not meet this high bar. *Id.* at 555–56. Mere

disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *See id.*; *Garver v. United States,* 846 F.2d 1029, 1031 (6th Cir. 1988).

Here, Plaintiff's Motion makes no demonstration of bias or partiality sufficient to require recusal. Accordingly, Plaintiff's Motion for Recusal (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE