**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARCUS CRAWFORD,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:26-cv-268** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **DUSTIN LOWERY, *et al.*,** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

## I. INTRODUCTION

This matter comes before this Court on Plaintiff Marcus Crawford's Objections (ECF Nos. 28, 29) to Magistrate Judge Vascura's May 19, 2026 Order and Report and Recommendation (ECF No. 22), which recommends dismissal of his Second Amended Complaint as time-barred. Also pending are Mr. Crawford's Request to Disqualify the Magistrate Judge (ECF No. 31), his Request for Extension (ECF No. 30), his Requests for Oral Argument (ECF Nos. 24, 25), his Motion for Sanctions and Preliminary Injunction (ECF No. 23), and four earlier motions: Motion to Convey (ECF No. 6), Motion to Change Venue (ECF No. 7), Motion to File Ethics Policy (ECF No. 8), and Motion to File Personal Property Policy (ECF No. 10).

For the reasons below, this Court **OVERRULES** the Objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** this action. The remaining requests are **DENIED** or **DENIED AS MOOT**, as set out below.

## II. BACKGROUND

### A. Factual Background

Mr. Crawford is incarcerated at the Southern Ohio Correctional Facility. (ECF No. 19 at 7). He alleges that on May 18, 2023, Defendant Dustin Lowery saw another inmate punch him, sprayed both inmates with O.C. spray while he stood still, and then told the other inmate to break out of his hold, after which that inmate attacked Crawford eight times. (*Id.* at 2). He alleges that Defendants Lowery, Joshua Smith, and Timothy McCoy failed to protect him. (*Id.* at 3–5). He alleges a busted lip, stitches, and a black eye. (*Id.* at 2).

Mr. Crawford further alleges that he was placed in the hold and denied access to grievances and to filing his lawsuit from May 18, 2023 to May 19, 2023. (*Id.*). He states that a unit sergeant at the Ross institution denied him kites and grievances, that he previously filed grievances while at the Ohio State Penitentiary, and that the Ohio State Penitentiary's inspector failed to refer those grievances to the inspector at the Ross Correctional Institution. (*Id.* at 7). He gives no date for those grievances. (*See id.*). He seeks fifty million dollars and the firing of the officers. (*Id.* at 8).

### B. Procedural Background

Mr. Crawford signed his original complaint on October 14, 2025, and it was filed in the Northern District of Ohio on November 18, 2025. (ECF No. 1 at 1, 4). The case was transferred to this Court on March 5, 2026. (ECF No. 3). On March 26, 2026, the Magistrate Judge granted Crawford leave to proceed *in forma pauperis* and recommended dismissal of his First Amended Complaint as time-barred. (ECF No. 9 at 5). That complaint concerned the May 18, 2023 incident and a December 18, 2020 incident. (*Id.* at 4–5). The Magistrate Judge then granted leave to amend and, after two extensions, set a deadline of June 22, 2026. (ECF Nos. 12, 16, 18).

Mr. Crawford filed his Second Amended Complaint on May 18, 2026. (ECF No. 19). The next day, the Magistrate Judge vacated the earlier dismissal recommendation because the new pleading superseded the old one, and she again recommended dismissal as time-barred. (ECF No. 22 at 1, 4–5). She also recommended that ECF Nos. 6, 7, 8, and 10 be denied as moot. (*Id.* at 5). She later denied Mr. Crawford's motion for her recusal (ECF No. 26). (ECF No. 27 at 2).

## III. STANDARD OF REVIEW

If a party objects to a report and recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Only specific objections are entitled to *de novo* review. *Bostic v. Davis*, 2016 WL 3355459, at *1 (S.D. Ohio June 17, 2016) (Marbley, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)). Objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted).

A party who fails to object within the allotted time waives the right to *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). While the statute does not "require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

Objections to a magistrate judge's order on a non-dispositive matter receive more deferential review. This Court modifies or sets aside such an order only where it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *K.W. v. Red Roof Inns, Inc.*, 836 F. Supp. 3d 759, 768 (S.D. Ohio 2026) (Marbley, J.).

Because Mr. Crawford is a prisoner proceeding *in forma pauperis*, this Court must dismiss his complaint, or any portion of it, that fails to state a claim on which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Rule 12(b)(6) standard governs that review. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). A complaint fails to state a claim when, accepting all well-pleaded allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This Court is not required to accept as true legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Its factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A *pro se* litigant's allegations are held to a less stringent standard than those in pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, courts are unwilling to "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases).

## IV. LAW & ANALYSIS

### A. Objection and Request to Disqualify the Magistrate Judge

This Court begins with ECF No. 31 because it challenges the impartiality of the judicial officer who issued the Report and Recommendation. Mr. Crawford asks the Chief Judge to remove the Magistrate Judge, arguing that she should not have decided his recusal motion herself, that vacating ECF No. 9 proves it was wrong, and that his case would otherwise have passed screening. (ECF No. 31 at 1).

This Court construes the filing as an objection to ECF No. 27 and as a renewed request for disqualification. Objections to a magistrate judge's non-dispositive order go to "[t]he district judge

in the case." Fed. R. Civ. P. 72(a). The request is therefore properly before this Court and not the Chief Judge.

The objection is untimely. A party has fourteen days after service to object to a magistrate judge's non-dispositive order, and service by mail adds three days. Fed. R. Civ. P. 72(a), 6(d). The Magistrate Judge issued ECF No. 27 on July 13, 2026, so any objection was due by July 30, 2026. Mr. Crawford's filing is stamped as scanned on September 21, 2026. (ECF No. 31 at 1). A party cannot assign as error a defect in an order not timely objected to. Fed. R. Civ. P. 72(a).

The request also fails on its merits. A judge must disqualify herself in any proceeding in which her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Judicial rulings, however, "almost never constitute a valid basis for a bias or partiality motion"; they are "proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Opinions a judge forms in the course of a case support recusal only if they display "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Mr. Crawford identifies no extrajudicial source of bias and no such antagonism; he points only to rulings. (ECF No. 31 at 1). His disagreement with the screening recommendation is a matter for objection, which this Court addresses below. The Magistrate Judge did not err by deciding the recusal motion herself, because § 455(a) places the duty to disqualify on the judge whose impartiality is questioned. *See* 28 U.S.C. § 455(a). Vacating ECF No. 9 also reflected no error or bias. The Magistrate Judge vacated it because the Second Amended Complaint replaced the pleading it addressed. (ECF No. 22 at 1). The objection is **OVERRULED**, and the request is **DENIED**.

The same filing seeks counsel and a hearing. (ECF No. 31 at 2). Appointing counsel for an indigent civil litigant lies within a district court's discretion. *Lavado v. Keohane*, 992 F.2d 601,

604–05 (6th Cir. 1993). Because Mr. Crawford's claims are time-barred, as explained below, neither counsel nor a hearing would change the result. Those requests are **DENIED AS MOOT**.

### B. Objections to the Report and Recommendation

#### *1. Timeliness*

The Report and Recommendation required objections within fourteen days of its date, or by June 2, 2026. (ECF No. 22 at 5). A prisoner's objections are deemed filed when placed in the prison mailbox. *Thompson v. Chandler*, 36 F. App'x 783, 784–85 (6th Cir. 2002). Mr. Crawford dated ECF No. 28 May 28, 2026, and its prison envelope bears a June 1, 2026 meter date. (ECF No. 28 at 1; ECF No. 28-1). The envelope omitted a street address and reached this Court only after the Clerk of the Supreme Court of Ohio remailed it on July 24, 2026. (ECF No. 28-1). This Court treats ECF No. 28 as timely.

ECF No. 29 and the letter within ECF No. 24 came later, even allowing three more days for service by mail. *See* Fed. R. Civ. P. 6(d). The letter in ECF No. 24 was mailed on June 16, 2026, and ECF No. 29 was filed on August 4, 2026. (ECF No. 24 at 3; ECF No. 29 at 1). Mr. Crawford attributes the delay to a clerical error, asserting that he sent an objection with ECF No. 23. (ECF No. 29 at 1). The record does not support that account: ECF No. 23 contains no objection, and its envelope was metered on May 18, 2026, the day before ECF No. 22 issued. (ECF No. 23 at 1–2; ECF No. 23-1; ECF No. 31 at 11). Given his *pro se* status, this Court nevertheless considers all of these filings. His Request for Extension (ECF No. 30) is therefore **DENIED AS MOOT**.

#### *2. Merger of the Complaints*

Mr. Crawford's principal objection is that the First and Second Amended Complaints should be merged, and that he corrected his pleading as ECF No. 9 directed. (ECF No. 24 at 1–2; ECF No. 28 at 1). The objection fails for two reasons.

First, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013); *see also Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014). The order granting leave permitted a new pleading. It did not decide whether that pleading would survive screening. (ECF No. 12; *see also* ECF No. 31 at 14).

Second, merger would not help Mr. Crawford. Both incidents in the First Amended Complaint occurred before November 18, 2023. (ECF No. 9 at 4–5). Adding the older incident would add a claim that is older still.

*3. Limitations and Tolling*

Mr. Crawford's filings do not address limitations, the sole basis of the recommendation. They are not specific objections to that ground. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *Bostic*, 2016 WL 3355459, at *2 (declining *de novo* review where a *pro se* plaintiff "ma[de] no argument as to why the magistrate's ruling dismissing the August 2011 claims should not be upheld"). Because the Second Amended Complaint itself raises his access to grievances, and because he is *pro se*, this Court nonetheless reviews the issue *de novo*.

A court can raise the statute of limitations *sua sponte* when the defense "clearly appears on the face of a pleading." *Watson v. Wayne Cnty.*, 90 F. App'x 814, 815 (6th Cir. 2004); *see also Bostic*, 2016 WL 3355459, at *2 (adopting recommendation to dismiss time-barred claims on screening under 28 U.S.C. § 1915(e)(2)); *Boddie v. Barstow*, 2014 WL 2608123, at *1 (S.D. Ohio June 11, 2014) (Frost, J.) (same, under 28 U.S.C. § 1915A). The statute of limitations is an affirmative defense, so a plaintiff ordinarily need not address it in his complaint. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007).

Dismissal is nonetheless proper when the complaint's own allegations "affirmatively show that the claim is time-barred." *Cataldo*, 676 F.3d at 547.

Section 1983 borrows the forum state's general or residual statute of limitations for personal-injury actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989); *Bostic*, 2016 WL 3355459, at *2. In Ohio, that period is two years. O.R.C. § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *Bostic*, 2016 WL 3355459, at *2. The period began when Mr. Crawford knew or had reason to know of his injury. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *see also Bostic*, 2016 WL 3355459, at *2 (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). Mr. Crawford pleads that he was injured on May 18, 2023. (ECF No. 19 at 2). Absent tolling, the period ended on May 18, 2025. Mr. Crawford signed his original complaint on October 14, 2025, nearly five months later, and it was docketed on November 18, 2025. (ECF No. 1 at 1, 4).

The Report and Recommendation does not discuss tolling, so this Court addresses it here. The limitations period is tolled while a prisoner exhausts available administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). In *Brown*, the Sixth Circuit reversed a § 1915A limitations dismissal because it was "not clear when the period of exhaustion expired." 209 F.3d at 596. *Surles* places the burden of proving the limitations defense on defendants and recognizes that alleged obstruction of grievances can create a factual dispute. 678 F.3d at 457–58. *Surles*, however, arose on defendant's motion for summary judgment, where they bore the burden of proving the defense, not on initial screening of the complaint.

This case differs from *Brown* because the record shows when Mr. Crawford pursued the only grievances he has placed before this Court. The Second Amended Complaint refers to his grievances and asks this Court to review them. (ECF No. 19 at 7). Construing his filings liberally,

this Court considers the grievance records he attached to his original complaint, the only such records on the docket. *Cf. Crawford v. Columbus State Cmty. Coll.*, 196 F. Supp. 3d 766, 777 n.2 (S.D. Ohio 2016) (Marbley, J.) (recognizing that documents referred to in a complaint and central to a claim can be considered on a motion to dismiss) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

Those records do not help him. Each grievance concerns a December 18, 2020 incident at the Ross Correctional Institution, not the May 18, 2023 incident now before this Court. (ECF No. 1-4 at 1, 3, 4, 6). Each was submitted at the Ohio State Penitentiary between August 27 and August 29, 2025, after the limitations period had expired. (*Id.*). Each was closed by September 2, 2025. (*Id.*). The Second Amended Complaint places his grievance efforts at the same institution. (ECF No. 19 at 7).

Tolling "only pauses the timer." *Williams v. Washington*, 2025 WL 2172542, at *1 (W.D. Mich. July 31, 2025) (Jarbou, C.J.) (citing *Heard v. Strange*, 127 F.4th 630, 633, 635 (6th Cir. 2025)). A grievance filed after the period has run therefore leaves nothing to pause. Even if the period from the first grievance's submission to the last one's closing, August 27 to September 2, 2025, counted, those six days would not cover the 149 days between the expiration of the period and the date Mr. Crawford signed his original complaint.

Mr. Crawford's own allegations supply no more, even when construing them liberally. He pleads that he was denied access to grievances from May 18, 2023 to May 19, 2023. (ECF No. 19 at 2). One day of tolling would not cure a delay of nearly five months. A second version of the same pleading gives dates of May 18, 2026 to May 19, 2026. (ECF No. 21 at 2). Those dates fall after this suit was filed, so they toll nothing. His allegation that a sergeant refused him kites and grievances gives no dates and no period of exhaustion. (ECF No. 19 at 7). A party "cannot obtain

tolling simply by stating that he is entitled to it." *Boddie*, 2014 WL 2608123, at *1. Neither incarceration nor *pro se* status tolls the period. *Id.* at *2.

The Second Amended Complaint therefore affirmatively shows that the claims are time-barred. The Objections are **OVERRULED**.

### C. Remaining Motions

Dismissal disposes of most of Mr. Crawford's remaining motions. His Request for Extension (ECF No. 30) and his requests for counsel and a hearing (ECF No. 31) are addressed above.

**Motion to Convey** (ECF No. 6). Mr. Crawford asks to be transported to trial at an appropriate time. (ECF No. 6 at 1). Since there will be no trial, the Motion is **DENIED AS MOOT**.

**Motion to Change Venue** (ECF No. 7). Mr. Crawford asks under 28 U.S.C. § 1391 that this case be heard in Columbus because the events occurred in Ross County. (ECF No. 7 at 1). He filed the Motion before the transfer, and this case is already in Columbus. (*Id.*; ECF No. 3). The Motion is **DENIED AS MOOT**.

**Motion to File Ethics Policy** (ECF No. 8) and **Motion to File Personal Property Policy** (ECF No. 10). Mr. Crawford asks to file three Ohio Department of Rehabilitation and Correction policies: Ethics, 31-SEM-01; Standards of Employee Conduct, 31-SEM-02; and Personal Property – Incarcerated Persons, 61-PRP-01. (ECF No. 8 at 1; ECF No. 10 at 1; ECF No. 10-1 at 1). With no claim remaining, the policies support nothing before this Court. Both Motions are **DENIED AS MOOT.** (*See* ECF No. 22 at 5). ECF No. 22 renewed the recommendation in the March 26, 2026 Report and Recommendation (ECF No. 9) that ECF Nos. 6, 7, and 8 be denied as moot, so no further ruling on ECF No. 9 is required. (ECF No. 22 at 1, 5).

**Motion for Sanctions and Preliminary Injunction** (ECF No. 23). Mr. Crawford states that he received notice of the May 5, 2026 amendment deadline on that same day. (ECF No. 23 at 2). He does not identify the party to be sanctioned or the injunction he seeks. (*See id.* at 1–2). He also suffered no prejudice, because the Magistrate Judge extended the deadline to June 22, 2026, and his pleading was accepted. (ECF No. 31 at 15; ECF No. 22 at 1). A preliminary injunction requires a relationship between the injury claimed in the motion and the conduct alleged in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Legal-mail timing in 2026 bears no such relationship to a May 2023 use of force. The Motion is **DENIED.**

**Requests for Oral Argument** (ECF Nos. 24, 25). Mr. Crawford filed two substantively identical requests, each titled "Plaintiff Oral Argument Requested," seeking argument on his request to merge his complaints. (ECF No. 24 at 1; ECF No. 25 at 1). A party may request oral argument when it is "deemed to be essential to the fair resolution of the case." S.D. Ohio Civ. R. 7.1(b)(2). Argument is not essential here: this Court has rejected the merger request, and the written record is sufficient. The Requests are **DENIED**.

### D. Letters

Mr. Crawford's letters ask the Clerk for a docket summary and for filing-fee forms, and they object to deductions from his inmate account. (ECF No. 20 at 1; ECF No. 21 at 1; ECF No. 30 at 4; ECF No. 32 at 1). They seek no relief that alters this ruling. Dismissal does not relieve him of the fee obligation set out in ECF No. 9. (ECF No. 9 at 2). The Clerk is **DIRECTED** to mail Mr. Crawford a copy of this Opinion & Order and a current docket sheet.

## V. CONCLUSION

For these reasons, this Court **OVERRULES** Mr. Crawford's Objections (ECF Nos. 28, 29) and **ADOPTS** the Report and Recommendation (ECF No. 22). The Second Amended Complaint (ECF No. 19) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. The objection and Request to Disqualify the Magistrate Judge (ECF No. 31) are **OVERRULED** and **DENIED**, and the requests for counsel and a hearing in that filing are **DENIED AS MOOT**. ECF Nos. 6, 7, 8, 10, and 30 are **DENIED AS MOOT**. ECF Nos. 23, 24, and 25 are **DENIED**. No further ruling on the March 26, 2026 Report and Recommendation (ECF No. 9) is required. This Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. The Clerk is **DIRECTED** to terminate all Defendants, enter judgment, and close this case.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 24, 2026**